GEORGE H. BUDKE, complainant,

*v.*

SCHALKENBACH & BUDKE, incorporated, defendant.

[Argued March 10th, 1915. Decided June 14th, 1915.]

1. The general authority of the president of a business corporation does not warrant him in transferring contracts made by the corporation, or in assigning money not yet earned under such contracts.

2. The case of *Cogan* v. *Conover Manufacturing Co., 69 N. J. Eq. 816*, followed.

On appeal of George G. Tennant, receiver, from an order of the court of chancery advised by Vice-Chancellor Howell.

*Messrs. Pitney, Hardin & Skinner,* for the appellant.

*Mr. E. Max Appelgate,* for the respondent.

The opinion of the court was delivered by

GARRISON, J.

This is an appeal by the receiver of an insolvent corporation from an order of the court of chancery allowing the claim of Joseph Morgan as a secured creditor. The learned vice-chancellor who advised the making of this order found that the

claimant, dealing solely with the president of the corporation, lent to the corporation $2,000 to be secured by an assignment of a contract to be performed by the corporation *in futuro.* Later this contract and the money that might be earned under it up to $2,000 were assigned to the claimant by a writing signed by the president of the corporation under its seal. There was no proof that the execution of this assignment was either authorized or ratified by the board of directors. The corporation retained the contract and proceeded with the work under it which, not being completed at the time of insolvency, was finished by the receiver who collected the balance due under the contract upon which a specific lien was claimed by the respondent and allowed by the court below. Hence, this appeal.

Assuming the correctness of the vice-chancellor's conclusion that the corporation received the benefit of the money borrowed by its president, the validity of the assignment of the specific security for the loan rested solely upon the general authority of the president to make such assignment, for admittedly he had no express authority so to do. The general authority of the president of a business corporation being sufficient to warrant him in collecting outstanding accounts and in selling such accounts at their face value is sufficient to warrant him in assigning such accounts in discharge of the obligations of the corporation. This was held by this court in the case of *Cogan* v. *Conover Manufacturing Co., 69 N. J. Eq. 816.*

In the same case it was also held that: "The fifth assignment is of money not yet earned. We find no authority in the president to make that assignment and the claim of the appellant thereunder is not valid." The ground of the distinction that is thus made is twofold—*first,* that the general authority of the president is limited to the ordinary business of the corporation, and *second,* that a contract made by the corporation cannot be varied or interfered with by a single officer thereof under his general authority. The assignment of a contract generally carries with it the right of the assignee to perform such contract; whereas the ordinary business of a corporation is to perform its own contracts; similarly if the money to be earned by

a corporation under a contract is diverted to some other object by its assignment by a single officer the contract of the corporation has been interfered with in a material respect without its authority or assent and such assignment is invalid.

Upon the authority of the case cited the order of the court of chancery brought up by this appeal is reversed.

*For affirmance*—None.

*For reversal*—The Chief-Justice, Garrison, Swayze, Trenchard, Parker, Bergen, Minturn, Kalisch, Black, Vredenburgh, White, Terhune, Heppenheimer, Williams —14.